IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,680-03






EX PARTE MARK GATICA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W02-71738T(B) IN THE 283RD DISTRICT COURT 

FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to 40 years' confinement. The Fifth Court of Appeals affirmed his
conviction. Gatica v. State, No. 05-03-01823-CR (Tex. App- Dallas, 2005, no pet.) (not designated
for publication). On December 15, 2006, Applicant filed an 11.07 application challenging this
conviction but it was dismissed for non-compliance. See Tex. R. App. P. 73.1.

 Applicant contends that counsel labored under a conflict of interest as he placed more
emphasis on his role as a bondsman than his role as an attorney. Applicant also contends that
counsel rendered ineffective assistance as he failed to advise Applicant to accept the plea offer of
5 years' confinement. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). The trial court has entered findings of fact and conclusions of law
recommending that relief be denied. The trial judge found that Applicant raised exactly the same
claims in this writ as he did in his prior writ which was dismissed for non-compliance and relied on
evidence presented in regards to the prior writ in his recommendation to deny relief. Specifically,
the trial judge relied on testimony presented at habeas hearings held on July 23, 2007, and August
3, 2007. The record contains a copy of the transcription of the court reporter's notes from the
hearing held on July 23, 2007, but no transcript of the hearing held on August 3, 2007. We find that
a copy of the transcription of the court reporter's notes from the August 3, 2007 hearing is needed
to determine the merits of Applicant's claims.

 This application will be held in abeyance until the trial court has forwarded a copy of the
transcription of the court reporter's notes from the habeas hearing held on August 3, 2007. A
supplemental transcript containing the habeas hearing transcript shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: February 4, 2009

Do not publish